IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | 3:14-CR-298-M |
| GAS PIPE, INC. (07), <br> AMY LYNN, INC. (08), <br> GERALD SHULTS (09), <br> AMY HERRIG (10), <br> ROLANDO ROJAS (11), <br> RYAN YARBRO (12), <br> JOHN BEN LINCOLN (13), <br> CHRISTOPHER RAMIREZ (14), <br> DANIEL CAILLIER (15), <br> KENDALL SILVA (16), <br> ELIZABETH WALKER (17), <br> BRIDGETT PAYROT (18), <br> JASON LYON (19), <br> JOSHUA CAMPBELL (20), <br> MICK CLARK (21), <br> BRANDON SCHUBERT (22), <br> JACKIE RANDALL-KING (23), <br> HOLLY PATTERSON (24), <br> BRAD BADER (25), <br> TRAVIS LOVIN (26), <br> JENNIFER DUNN (27), <br> PATRICK SHANAHAN (28), <br> CAROLYN SETTLEMIRE (29), <br> TOM SCOTT (30), <br> RAPIDS CAMP LODGE, INC. (31), <br> RIDGLEA COMPLEX MANAGEMENT, INC. (32), <br><br>          Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | |

## AMENDED TRIAL SETTING ORDER

On the 19th day of June, 2015, the Court considered the Government's Unopposed Motion to Have Case Declared Complex and to Continue Trial Date and Pretrial Deadlines, filed June 15, 2015, and having considered and reviewed the facts surrounding said Motion, and the arguments of counsel for continuing the trial date of this matter and declaring this case as complex, and without opposition from

the defendants who had already appeared in this case, **GRANTED** the Motion and **VACATED** the July 20, 2015 trial setting. All defendants listed in this Order shall abide by this Amended Trial Setting Order.

Co-defendants Amy Lynn, Inc. (08), Rapids Camp Lodge, Inc. (31), and Ridglea Complex Management, Inc. (32), appeared in this case on July 14, 2015, and co-defendant Travis Lovin (26) appeared in this case on August 3, 2015. The Court finds that the trial date of these defendants should also be extended beyond the Speedy Trial Act deadline. Specifically, the Court finds the ends of justice served by such an extension outweigh the best interests of the public and the defendants in a speedy trial. Conducting one trial for all named defendants in the superseding Indictment, filed May 6, 2015, preserves judicial and prosecutorial resources in the interest of judicial economy. See 18 U.S.C. § 3161(h)(6); 3161(h)(7)(A).

The Court considered the Motion and the argument for declaring this case complex and for continuing the case set forth herein. On the basis of the written pleadings filed to date and a review of the superseding Indictment, filed May 6, 2015, and without opposition from the defendants in this case, the Court makes the following findings and orders.

The Court **FINDS** that pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), due to the nature of the prosecution, specifically, the complexity of the facts related to the conspiracies lasting almost four years and the substantive offenses alleged in the superseding Indictment, as well as the voluminous amount of discovery, this case is so unusual and complex that it is unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the time limits established by the Act. Thus, the Court agrees with the Government that the case is a "complex case" and should be taken out of the ordinary strictures of the Speedy Trial Act. See 18 U.S.C. § 3161.

The Court further **FINDS** that the case against the defendants is legally and factually complex, and that, barring the present Order, counsel for the defendants and for the Government would be denied

reasonable time necessary for effective preparation, taking into account the exercise of due diligence by the parties and their counsel.

Accordingly, the Court declares this case "complex" within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii), and **FINDS** that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendants in a speedy trial. Neither the defendants nor the Government would be harmed by the granting of the continuance herein; therefore, the time from granting of said Motion to the Court's next available trial date constitutes an excludable period of delay under 18 U.S.C. § 3161(h)(7)(A).

Therefore, the trial previously set shall be **CONTINUED** to **Monday, May 23, 2016, at 9:00 a.m.** The final pretrial conference is hereby **CONTINUED** to **Monday, May 23, 2016, at 8:30 a.m.**, to be held prior to the commencement of trial.

Defendants' pretrial motions, if any, shall be filed by **April 27, 2016**, and the Government's responses thereto, by **May 4, 2016**.

If any defendant desires to move for a continuance of the trial setting, that defendant must diligently attempt to confer and obtain the agreement of all other parties, including co-defendants. The Court will not allow a continuance to be used to effectuate a severance. If a severance is desired, a motion for severance must be filed. Severance motions are not generally favored.

**Initial Designation of Experts:** Unless otherwise stipulated or directed by Order, any party with the burden of proof on an issue shall file a written designation of the name and address of each **expert witness** who will testify at trial on such issue(s) and otherwise comply with Rule 16(a)(1)(G), Fed. R. Crim. P., on or before **April 25, 2016**.

**Responsive Designation of Experts:** Any party without the burden of proof on an issue but who wishes to utilize an expert witness shall file a written designation of the name and address of each

**expert witness** who will testify at trial for that party on such issue(s) and shall otherwise comply with Rule 16(a)(1)(G) on or before **May 2, 2016**.

**Objections to Experts:** Objections to the qualifications or competency of experts, sometimes referred to as <u>Daubert</u> motions, <u>must</u> be made in a written motion filed no later than **May 9, 2016**.

Any requested voir dire questions, proposed jury instructions (both e-filed and emailed in "Word" format to the email address lynn_orders@txnd.uscourts.gov), witness lists (with witnesses designated as "custodial", "expert", or "fact", as well as "probable" or "possible"), exhibit lists (with copies of exhibits furnished to the Court and opposing parties), and motions in limine must be filed no later than **May 17, 2016**. The list of exhibits shall describe the documents or items in numbered sequence. The documents or items to be offered as exhibits shall be numbered by attachment of gummed labels to correspond with the sequence on the exhibit list. In addition, counsel for each party intending to offer exhibits shall **exchange a set** of marked exhibits with opposing counsel and shall **deliver a set of marked exhibits to the Court's chambers** (except large or voluminous items that cannot be easily reproduced). Exhibits are to be placed in three-ring binders, including numbered tabs, and each binder is to be labeled with the style of the case, case number, name of the party, and volume number of the binder. Do not use letter suffixes to identify exhibits (*e.g.*, designate them as 1, 2, 3, not as 1A, 1B, 1C). A copy of the exhibit list must be furnished to the court reporter prior to trial. Counsel for the parties shall be prepared to submit to the jury, to accompany all exhibits that have been admitted, an index of such exhibits, with neutral descriptions of the exhibits, including where possible the author and date of each. During trial, witnesses are to be called by their last, not first, names.

Judge Lynn enforces the rule of limited cross examination at trial.  Redirects and recrosses are limited to the subject of the immediately preceding examination. **Each party is responsible for keeping track of which exhibits are admitted during trial, to confer with opposing counsel on a**

**consolidated list, and to submit it as a table of contents to accompany the exhibits to the jury room and to file of record in the case.** If the parties have electronic evidence they intend to admit as exhibits and send back to the jury room, the parties need to bring the necessary equipment to play it in the jury room.

If the government intends to call as witnesses persons who are under indictment but who have not been found guilty by the District Court where the indictment is pending, or if the government has reason to believe that it will ask questions of a witness, the answer to which may tend to incriminate the witness, and immunity has not been extended, the Assistant United States Attorney trying the case shall advise the Court of that fact before the witness testifies.

All counsel are directed to advise the Court at least four (4) days before trial, if a plea agreement has been reached. If such an agreement has been reached, except in unusual circumstances where such cannot reasonably be done, counsel are to furnish an executed copy to the Court at least three (3) days before trial.

Counsel should be mindful that a last-minute trial cancellation inconveniences all the citizens who have come to serve as jurors and wastes taxpayer money. To avoid such a cancellation, counsel should complete plea negotiations prior to the date scheduled for trial.

Additionally, counsel for each defendant should ensure that the defendant has appropriate court attire to wear on the day of trial. If the defendant is incarcerated, defense counsel should ensure that appropriate court attire is either transported with the defendant from the prison facility or that such attire is made available to the defendant at the Marshals Service office shortly after the Defendant arrives at the courthouse.

SO ORDERED.

DATED: August 27, 2015.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS