IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | |
| | § | |
| GAS PIPE, INC. (7) | § | |
| AMY LYNN, INC. (8) | § | |
| GERALD SHULTS (9) | § | No. 3:14-cr-298-M |
| AMY HERRIG (10) | § | |
| RAPIDS CAMP LODGE, INC. (31) | § | |
| RIDGLEA COMPLEX MANAGEMENT, | § | **FILED UNDER SEAL** |
| INC. (32), | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**[1]

On or about May 5, 2018, Defendants Gas Pipe, Inc., Amy Lynn, Inc., Gerald

Shults, Amy Herrig, Rapids Camp Lodge, Inc., and Ridglea Complex Management, Inc.

(collectively, "Defendants") issued a Federal Rule of Criminal Procedure 17(c) subpoena

(the "Subpoena") to the Drug Enforcement Administration ("DEA"), requiring the

production of seven categories of documents.

The government has now filed a Motion to Quash Subpoena, *see* Dkt. No. 839

(the "Motion to Quash"), asserting that the Subpoena "seeks information that

Defendants already have, is completely irrelevant to this matter and is nothing more

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

than a fishing expedition" and that the Subpoena should be quashed, *id.* at 1-2. According to the government, "[w]ith the exception of number 7, the broadening of number 6 to include information about all molecules determined to meet prong 1 and prong 2 (instead of the relevant ones listed in the indictment), and the use of new language here and there, this Rule 17 subpoena essentially regurgitates requests for information sought in requests for discovery in 2016 and 2017, as well as in a 2018 defense motion for an evidentiary hearing based upon perceived *Brady* information." *Id.* at 1.

Chief Judge Barbara M. G. Lynn has referred the Motion to Quash to the undersigned United States magistrate judge for hearing, if necessary, and recommendation or determination under 28 U.S.C. § 636(b). *See* Dkt. No. 840.

Defendants filed a response, *see* Dkt. No. 849, and, as required by the Court, the government filed a reply, *see* Dkt. No. 852.

For the reasons and to the extent explained below, the Court GRANTS in part and DENIES in part the Motion to Quash Subpoena [Dkt. No. 839].

## Legal Standards

Federal Rule of Criminal Procedure 17(c) "governs the issuance of subpoenas duces tecum in federal criminal proceedings." *United States v. Nixon*, 418 U.S. 683, 697-98 (1974). Rule 17(c) provides:

> (1) In General. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all

or part of them.

(2) Quashing or Modifying the Subpoena. On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

FED. R. CRIM. P. 17(c).

A subpoena is within Rule 17's scope only if the party seeking the subpoena can show that the materials sought are relevant, that they are admissible, and that they are requested with adequate specificity. *See United States v. Arditti*, 955 F.2d 331, 345 (5th Cir. 1992). A Rule 17(c)(1) subpoena is not a discovery device nor does it provide a means of discovery beyond the discovery provided for in Federal Rule of Criminal Procedure 16. *See Nixon*, 418 U.S. at 700; *Arditti*, 955 F.2d at 345 ("Although rule 17 extends to materials not subject to rule 16 discovery, it is not intended to provide an additional means of discovery.").

"The[] specificity and relevance elements require more than the title of a document and conjecture as to its contents." *Arditti*, 955 F.2d at 345. Serving a subpoena cannot be a "fishing expedition." *See id.* at 346; *id.* at 347 (Goldberg, J., concurring), and it is not proper for a defendant to attempt "to use a subpoena duces tecum as a discovery device, which it is not," *id.* at 346 (internal quotation marks omitted).

A request for entire files as opposed to individual documents is suggestive of a fishing expedition. *See United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984). And, if the requesting party "cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something

-3-

useful will turn up, this is a sure sign that the subpoena is being misused." *United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991); *see also United States v. Frank*, 23 F.R.D. 145, 147 (D.D.C. 1959) (explaining that "this rule does not permit blunderbuss inspection of the Government's evidence in an attempt to learn something not known; it is not a discovery provision.").

Materials that have no potential value other than for purposes of impeachment are not subject to pre-trial subpoena under Rule 17(c). *See United States v. Cuthbertson*, 651 F.2d 189, 195 (3d Cir. 1981). "Like Rule 16 materiality, relevance under Rule 17 must be either to the Government's case or a valid defense and not merely to impeach a witness." *United States v. Weisberg*, No. 07-cr-66-A, 2008 WL 234186, at *3 (W.D.N.Y. Jan. 28, 2008) (citing *Nixon*, 418 U.S. at 700).

Moreover, a Rule 17(c) subpoena is improper where it calls for the production of *Brady*, Jencks Act, or *Giglio* material. "That is because those materials are subject only to limited discovery pursuant to Fed. R. Crim. P. 16, *Brady v. Maryland*, 373 U.S. 83 (1963), and the Jencks Act, 18 U.S.C. § 3500." *United States v. Beckford,* 964 F. Supp. 1010, 1031 (E.D. Va. 1997). "Thus, none of that material can be said to be 'not otherwise procurable reasonably in advance of trial'" *Id.* at 1032 (quoting *Nixon*, 418 U.S. at 699).

## Analysis

At an April 30, 2018 hearing, Defendants' counsel represented to the Court that they believe that the DEA has shared all of the relevant information with the government's counsel in this case, and Judge Lynn then authorized Defendants to

subpoena the DEA for the materials that Defendants want, explaining that the Court understands that the DEA is an independent agency such that the government's counsel may have no way of knowing if they are getting everything. *See* Dkt. No. 834 at 9-10. But Judge Lynn noted that she anticipated that the DEA would move to quash the subpoena. *See id.* at 10.

The Court, therefore, authorized the subpoena to be issued to the DEA but did not determine in advance that the subpoena's requests were within Rule 17's scope, which requires the party seeking the subpoena to show that the materials sought are relevant, that they are admissible, and that they are requested with adequate specificity. Further, contrary to Defendants' suggestion, the Court determines that Rule 17(c)(1) and these factors do apply to a subpoena to an independent agency – albeit one whose agents may be involved in prosecuting this case.

The Court turns, then, to each request.

I.     Request 1 – "Any documents regarding the process or protocols by which the DEA determines what chemical compounds are controlled substance analogues."

Defendants have adequately explained how these materials are relevant and may be admissible, and, although requesting an entire category of documents, they are requested with adequate specificity. *See* Dkt. No. 849 at 5. The government has not shown a basis to quash this request under Rule 17(c) and the governing case law simply because it has previously produced a responsive document. *See* Dkt. No. 839 at 2. The Court DENIES the Motion to Quash as to Request No. 1.

II.    Request 2 – "Any documents reflecting any concern, doubt, or contrary or conflicting opinions by anyone within the Department of Justice or DEA

regarding either the process of determining or the decision to determine that a chemical compound is a controlled substance analogue."

For Request No. 2, Defendants correctly note that, as to responsive materials that relate "to the substances at issue in the indictment, the government does not advance any basis to quash this request." Dkt. No. 849 at 6. But Defendants have not shown with adequate specificity that any documents reflecting opinions about substances not at issue in the indictment would be relevant and admissible, explaining instead that "[d]issenting opinions regarding substances not alleged in the indictment may be highly relevant depending on the reason for the dissent." *Id.* That kind of exploratory request is the essence of discovery, which a Rule 17(c)(1) subpoena does not authorize. The Court GRANTS in part and DENIES in part the Motion to Quash as to Request No. 2 and MODIFIES Request No. 2 to be limited to documents reflecting any concern, doubt, or contrary or conflicting opinions regarding the substances at issue in the indictment.

III.   Request 3 – "Any documents reflecting knowledge by the DEA's Office of Diversion Control or analogue committee that DEA's Office of Forensic Sciences disagreed with, dissented from, objected to, or declined to join in, an opinion of the Office of Diversion Control that a chemical compound is a controlled substance analogue."

Unlike its response as to Request No. 2, Defendants have shown with adequate specificity that the documents sought by Request No. 3, even if they relate to substances not at issue in the indictment, would be relevant and may be admissible and are requested with adequate specificity. *See* Dkt. No. 849 at 7-12. The government has not shown a basis to quash this request under Rule 17(c) and the governing case

law simply because it has previously produced some responsive documents. *See* Dkt. No. 839 at 3. The Court DENIES the Motion to Quash as to Request No. 3.

IV.  Request 4 – "Any documents reflecting a formal or informal change in any protocol or procedure of the DEA's Office of Diversion Control or any DEA analogue committee to request input from DEA's Office of Forensic Sciences regarding analogue determinations, or the weight given to or effect of a Forensic Sciences disagreement or declination to opine regarding a proposed analogue <u>determination.</u>"

Defendants have also shown with adequate specificity that the documents sought by Request No. 4, even if they relate to substances not at issue in the indictment, would be relevant and may be admissible and are requested with adequate specificity. *See* Dkt. No. 849 at 12-13. The government again points only to the fact that it already produced one responsive, redacted document and has not shown a basis to quash this request under Rule 17(c) and the governing case law. *See* Dkt. No. 839 at 3-4. Insofar as the government complains that Request No. 4 "merely seeks the same information that has already been provided," Judge Lynn authorized this subpoena to permit Defendants to ensure that the DEA has actually provided everything that was previously requested. The Court DENIES the Motion to Quash as to Request No. 4.

V.  Request 5 – "Any documents reflecting the reason the Office of Diversion Control declined to request input from the Office of Forensic Sciences regarding its <u>determination that XLR-11 is a controlled substance analogue.</u>"

Just as with Request No. 4, Defendants have shown with adequate specificity that the documents sought by Request No. 5 would be relevant and may be admissible and are requested with adequate specificity. *See* Dkt. No. 849 at 13. The government contends that "Defendants have been provided the information sought in this request;

-7-

they just keep fishing for more." Dkt. No. 839 at 4. But, as Defendants note, "the government does not represent that this information is irrelevant or non-existent and it has not already been produced," Dkt. No. 849 at 13, and, again, Judge Lynn authorized this subpoena to attempt to ensure that the DEA has actually provided the responsive information. This is not a "fishing expedition" that the Rule 17(c) case law forbids. The Court DENIES the Motion to Quash as to Request No. 5.

VI. Request 6 – "Any documents reflecting official and/or unofficial lists maintained by the DEA, including any office or committee within the DEA, of chemical compounds it determined to be, or the Department of Justice asserts are, controlled substance analogues. All iterations or variations of the lists, including the dates during which each was operative, as well as any and all 'unofficial' lists of substances maintained by individual employees."

In the subpoena, "Defendants acknowledge the position of the Government and the DEA that a jury is the entity to determine whether a chemical compound is a controlled substance analogue" and explain that, "[a]s used in this subpoena, any request referencing the DEA's 'determination' that a chemical compound is a controlled substance analogue, or its process to make such a determination, should be understood to alternatively refer to the DEA's determination that a chemical compound could scientifically or legally be argued to meet the definition of a 'controlled substance analogue,' as provided in 21 U.S.C. § 803(32)." Dkt. No. 839-1 at 4 of 4. With that in mind, Defendants have shown with adequate specificity that the documents sought by Request No. 6 would be relevant and may be admissible and are requested with adequate specificity, where Defendants have "set forth what the [would-be subpoenaed] materials contain." *Arditti*, 955 F.2d at 346; *see* Dkt. No. 849 at 13-14. And the

government's pointing to the DEA's January 16, 2018 letter to Defendants' counsel does not provide a basis to quash under Rule 17(c) or the governing case law, where, as Defendants persuasively explain, "[n]othing in the quoted language or the remainder of the government's Motion provides any justification for refusing to produce the lists" and "the government does not specifically assert that these materials are irrelevant or provide any other reason why this request should be quashed." Dkt. No. 849 at 13-14. The Court DENIES the Motion to Quash as to Request No. 6.

VII.   Request 7 – "Any documents reflecting official and/or unofficial lists maintained by the DEA, including any office or committee within the DEA, of chemical compounds it determined not to be controlled substance analogues. All iterations or variations of the list or lists, including the dates during which each was operative, as well as any all 'unofficial' lists of substances maintained by <u>individual employees.</u>"

The government asserts that "the information sought [by Request No. 7] is completely irrelevant to this matter" because "[t]he request seeks documents identifying items the DEA has concluded are not analogues" and therefore "has absolutely no relevancy to the substances involved in this case." Dkt. No. 839 at 5-6. But Defendants persuasively explain otherwise that these materials are relevant where "it is impossible to evaluate the consistency and credibility of ODE's determinations of what meets Prong 1 without also considering what ODE decided did not meet Prong 1." Dkt. No. 849 at 14.

And the sought-after materials are requested with adequate specificity, and the Court is not persuaded by the government's incorporated argument that Request No. 7 "misapprehends the law and the role of the DEA" for the same reasons that the Court

rejected it above as to Request No. 6.

But the government also contends that the materials would not be admissible because "the determination that expert support could not be provided at a particular point in time would not preclude expert opinions from becoming supportable at a future point in time" and, "[a]ccordingly, any such documentation would very likely present the danger of being unduly prejudicial, misleading and confusing." Dkt. No. 839 at 6. On a motion to quash, the Court cannot credit this speculation that the Court might, at trial, exclude evidence under Federal Rule of Evidence 403 after considering all the circumstance as to particular documents that may or may not ultimately be introduced.

Similarly, the Court cannot credit the government's argument that disclosure of lists of substances that are not considered unlawful as analogues "would provide a potential roadmap and windfall to criminals on possible chemicals/alterations that might be pursued in an effort to avoid prosecution." *Id.* As Defendants note, "[t]he government does not, and cannot, cite any law to support either its view of the criminal law or the quashing of a subpoena on the grounds that the documents sought by it would provide notice to the public of what is not unlawful." Dkt. No. 849 at 14-15.

Finally, the Court is also persuaded by Defendants' response to the government's assertion that the DEA's lists of what are not analogues is protected by the deliberative process privilege where, as Defendants note, the privilege precludes disclosure of materials that are "predecisional" and not the decisions themselves. *See Harding v. County of Dallas, Tex.*, No. 3:15-cv-131-D, 2016 WL 7426127, at *11 (N.D. Tex. Dec. 23,

2016); *Skelton v. U.S. Postal Serv.*, 678 F.2d 35, 38 (5th Cir. 1982).

The Court DENIES the Motion to Quash as to Request No. 7.

## Conclusion

For the reasons and to the extent explained above, the Court GRANTS in part and DENIES in part the Motion to Quash Subpoena [Dkt. No. 839] and MODIFIES the Federal Rule of Criminal Procedure 17(c) subpoena issued to the Drug Enforcement Administration as explained above.

Finally, the Court will, out of an abundance of caution, enter the Memorandum Opinion and Order under seal because some of the cited discussions are taken from a hearing transcript that remains filed under seal.

SO ORDERED.

DATED: June 18, 2018

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE